**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **CAROL MELANCON** | **CASE NO.  6:25-CV-01461** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING AND ORDER

Before the Court is a MOTION TO COMPEL ADDITIONAL MEDICAL OPINION [Doc. 17] filed by Defendant State Farm Mutual Automobile Insurance Company.  Plaintiff Carol Melancon filed an opposition to the motion [Doc. 18], to which State Farm replied [Doc. 21]. For the reasons below, the motion is **GRANTED**, and State Farm is **ORDERED** to arrange and pay for Melancon's transportation to and from Baton Rouge for the Additional Medical Opinion.

### Factual and Procedural Background

Melancon filed suit in state court on August 22, 2024, alleging that she sustained injuries to her neck and back in a motor vehicle collision in Lafayette, Louisiana on June 29, 2024.  [Doc. 1-2].  State Farm removed the matter to this Court based on diversity of citizenship and supplemental jurisdiction.  [Doc. 1].

The instant motion seeks to compel Melancon pursuant to Federal Rule of Civil Procedure 35 to submit to an additional medical opinion (AMO) by Dr. David Ferachi of the Baton Rouge Orthopaedic Clinic in Baton Rouge.  [Doc. 17].  Though she has not yet undergone an AMO, Melancon refused to submit to the AMO in Baton Rouge and instead requested to see a physician in Lafayette for an AMO.  The instant motion followed.

Melancon opposes the motion, arguing that, because her ability to travel from Lafayette to Baton Rouge is substantially impaired by documented mental health limitations, requiring Melancon to submit to an AMO in Baton Rouge would be unreasonable. [Doc. 18].   State Farm offered to arrange and pay for Melancon's transportation to and from the AMO.  [Doc. 17-1 at p. 5].  However, Melancon nonetheless refused to submit to the AMO, asserting that her "limitations extend beyond merely operating a vehicle. Her psychiatric condition substantially restricts her ability to undertake extended travel, whether driving herself or being transported by another."  [Doc. 18 at p. 2]. Melancon's psychiatrist, Dr. Renee Bonin, reported on November 25, 2025 that Melancon "was able to drive to visit family, which represents improvement since she typically avoids driving far distances due to anxiety."  [Doc. 18-1].  State Farm noted that Melancon traveled to Baton Rouge for treatment for her alleged injuries through August 2025.  [Doc. 17].

### Applicable Standards

Independent medical examinations are authorized under Rule 35.   A medical examination may be ordered under Rule 35 when the moving party shows "good cause" for the examination and the condition to be examined be "in controversy."  *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992); *Grossie v. Florida Marine Transporters, Inc.*, 2006 WL 2547047 at *2 (W.D. La.); *Schlagenhauf v. Holder*, 379 U.S. 104 (1964). Generally, courts liberally construe the rule in favor of granting discovery.  *Gilley v. Lowe's Home Centers, LLC*, 2015 WL 1304592 at *1 (W.D. La.) (citing *McClanahan v. Transocean Offshore Int'l Ventures, Ltd.*, 2006 WL 2989243 at *2 (W.D. La.).  Rule 35 does not establish a limitation on the number of examinations to which a party may be subjected; each request for an independent medical examination must turn on its own facts and depends on the circumstances underlying the request.  *Moore*, 142 F.R.D. at 135.  Because the standards established by Rule 35 are flexible, the resolution of the pending motion rests within the

sound discretion of the trial court. *Id.* (citing *Teche Lines v. Boyette*, 111 F.2d 579, 581 (5th Cir. 1940); *see also Glaze v. Bud's Boat Rental, Inc.*, 1993 WL 441890 at *1 (E.D. La.).

<u>Analysis</u>

A "plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 106, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964). By alleging injuries to the neck and back, Melancon places these injuries squarely in controversy.

One of the primary purposes of Rule 35 "is to put both the plaintiff and defendant on equal footing with regard to evaluating the plaintiff's [medical] status." *Tarte v. United States*, 249 F.R.D. 856, 859 (S.D. Fla. 2008) (quoting *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 557 (D. Conn. 2006)). Melancon represents in her opposition that she has already undergone evaluation, treatment, and procedures by her experts of choice, at least one of whom, notably, is located in Baton Rouge. [Doc. 18 at p. 6]. State Farm's interest in obtaining competing evidence from an expert of its choice is sufficient to establish good cause.

In support of the argument that it would be unreasonable to compel attendance of an AMO requiring travel to Baton Rouge, Melancon cited cases refusing to compel a plaintiff to travel 214 miles and 270 miles for medical examinations as those distances were unreasonable. *In re Bordelon Marine, Inc.*, 11-1473, 2012 WL 1902576 at *3 (E.D. La., May 25, 2012); *Rainey v. Wal-Mart Stores, Inc.*, 139 F.R.D. 94 (E.D. La. 1991). The distance between Lafayette and Baton Rouge is about 60 miles, which is far less than the distances at issue in those cases.

This Court notes, based upon review of the medical records attached in support of and opposition to the instant motion, that no medical professional mentioned in the records provided that Melancon's ability to sit in a car is limited.  Rather, the records indicate a fear of driving.  Based on this indication, this Court will require State Farm to arrange and pay for Melancon's transportation to and from Baton Rouge for the AMO.

For the foregoing reasons, the MOTION TO COMPEL ADDITIONAL MEDICAL OPINION [Doc. 17] is hereby **GRANTED**, and Defendant State Farm Mutual Automobile Insurance Company is **ORDERED** to arrange and pay for Plaintiff Carol Melancon's transportation to and from Baton Rouge for the Additional Medical Opinion.

**SIGNED** this 3rd day of August, 2026, at Lafayette, Louisiana.

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**

4